UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASBIR SINGH RANDHAWA,<br><br>                Petitioner,<br><br>    v.<br><br>KRISTI NOEM, PAMELA BONDI, TODD LYONS, LAURA HERMOSILLO, BRUCE SCOTT,<br><br>                Respondents. | CASE NO. 2:26-cv-00461-BAT<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING IN-PART INJUNCTIVE RELIEF** |

Petitioner Jasbir Singh Randhawa is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. In a 28 U.S.C. § 2241 habeas petition, he asserts that his re-detention after release from custody on an order of release on recognizance ("OREC") violates his constitutional right to due process under the Fifth Amendment to United States Constitution. Petitioner seeks his immediate release and an injunction against re-detention absent clear and convincing evidence of risk of flight or danger to the community. Dkt. 1, at 11. He also requests that the Court enjoin Respondents from placing GPS ankle monitors on him upon release and award attorney fees and costs. *Id.* As explained below, the Court **GRANTS** Petitioner's habeas petition and **GRANTS IN-PART** injunctive relief. Among other provisions, the Court **ORDERS** Respondents to release Petitioner

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND GRANTING IN-
PART INJUNCTIVE RELIEF - 1

**IMMEDIATELY** from custody and to provide the Court with a declaration confirming his release within **TWENTY-FOUR (24) HOURS** of this order.

## BACKGROUND

Petitioner, a national of India, entered the United States on December 12, 2022, and was apprehended and detained on entry. Dkt. 1, at 1–2; Dkt. 10-1, at 3–4; Dkt. 10-2, at 2. On December 14, 2022, Petitioner was released on an OREC. Dkt. 10-5, at 2. The OREC states: "In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions." Dkt. 10-5, at 2. The conditions include that Petitioner must "report for any hearing or interview as directed" by the Department of Homeland Security ("DHS"). *Id.*

Petitioner appeared for his check-ins with ICE scheduled for June 2023, March 2024, and July 2024. Dkt. 10-8, at 2. Petitioner states, however, that due to misplacing his ICE paperwork, he was unaware of and inadvertently missed his next check-in on July 8, 2025. Dkt. 1, at 2. Petitioner states that upon locating his paperwork and realizing his missed check-in, he promptly and voluntarily reported to ICE's Tukwila, Washington office on January 28, 2026, so he could bring himself back into compliance. *Id.* On that day, ICE arrested him based upon his failure to have appeared for his July 2025 check-in. Dkt. 9 ¶ 13; Dkt. 10-9, at 3. He remains detained at the Northwest ICE Processing Center and did not receive prior written notice of the reason for his re-detention. His I-213 form, "Record of Deportable/Inadmissible Alien," from the date of his arrest, states: "During routine case review, ERO officers discovered RANDHAWA failed to report for the prior 6 months. SEA ERO management approved a custody redetermination based on RANDHAWA's failure to report which violated the terms and conditions outlined in Form I-

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND GRANTING IN-
PART INJUNCTIVE RELIEF - 2

220A – Order of Release on Recognizance." Dkt. 10-9, at 3.

Respondents do not contest Petitioner's assertions that, other than missing his July 2025 check-in, he was in full compliance with the OREC conditions, and he has no criminal history in the United States or any other country. Dkt. 1, at 2.

## DISCUSSION

### I. Petitioner Is Detained Pursuant to 8 U.S.C. § 1226(a)

Respondents acknowledge that this Court has determined that the detention of a petitioner previously released on an OREC is guided by 8 U.S.C. § 1226(a), not by 8 U.S.C. § 1225(b). Dkt. 8, at 6; *Lucena-Ojeda v. Noem*, 2026 WL 279353, at *1 (W.D. Wash. Feb. 3, 2026); *see Singh v. Wamsley*, 2026 WL 248372, at *1 (W.D. Wash. Jan. 30, 2026). Petitioner was released on an OREC rather than on humanitarian parole, and release under an OREC is authorized under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). Petitioner's OREC states he is being released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act," which corresponds to 8 U.S.C. § 1226. Dkt. 10-5, at 2. His Notice to Appear also states Petitioner is a noncitizen "present in the United States who has not been admitted or paroled." Dkt. 10-3, at 2. Thus, § 1226, not § 1225, governs Petitioner's detention.

### II. Petitioner's Re-Detention Violated Due Process

Petitioner contends that his re-detention violated the Due Process Clause of the Fifth Amendment. Due process rights extend "to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioner is protected by the Due Process Clause.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND GRANTING IN-
PART INJUNCTIVE RELIEF - 3

Courts in this District have applied the three-factor test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), in evaluating due process claims like Petitioner's. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025). The Court therefore evaluates Petitioner's due process claim under *Mathews*, assessing (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguard" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319 at 335.

Regarding the first factor, Petitioner has considerable private interest in his freedom. His interest in not being detained "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Noncitizens who "gain admission" to the United States and "develop the ties that go with permanent residence" have due process rights. *Landon v. Plasencia*, 459 U.S. 21, 33 (1982). That is true even if the initial entry was unlawful. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). And it is true notwithstanding ICE's discretion to release him. "When he was released from his initial detention on parole, Petitioner took with him a liberty interest which is entitled to the full protections of the due process clause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025).

Regarding the second factor, the risk of erroneous deprivation of Petitioner's liberty interest through the procedures used is high given that Respondents, having earlier released him because he was not a flight risk or a danger to the community, re-detained him without considering these factors, his voluntary self-report, or reasons for his tardiness. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025) ("[G]iven that Petitioner was

previously found to not be a danger or risk of flight . . . the risk of erroneous deprivation remains high."). Respondents acknowledge that this Court has found that the revocation of an order of release on recognizance required a pre-deprivation hearing but contend that the specific circumstances here show that little to no process was due. Dkt. 8, at 9 (citing *Lucena-Ojeda*, 2026 WL 279353, at *3). According to Respondents, that Petitioner violated the OREC and missed his check-in meant he need not be afforded a hearing at all, let alone a pre-deprivation hearing. Dkt. 8, at 8 ("Petitioner's re-detention qualifies as a special case due to his failure to check in with ICE for more than six months.").

      Respondents' argument is unpersuasive because it represents the opposite of an individualized consideration of the circumstances that could have avoided the risk of an erroneous deprivation of liberty by permitting a review of the facts at a pre-deprivation hearing. While Petitioner missed his July 2025 check-in by six months, Petitioner's prior, required check-in occurred a full year before in July 2024, there is no indication that he had ever missed an appointment or otherwise violated the OREC, and he self-reported his own mistake. Although Respondents suggest that "[i]t is not reasonable to require a pre-detention hearing in a circumstance where Petitioner's conduct provided an arguable basis that such a hearing would have motivated his flight," Dkt. 8, at 8, the DHS officer did not refer to a risk of flight in the narrative reasons for arrest, did not consider whether Petitioner's self-report to bring himself into compliance with the OREC indicated otherwise, and did not describe whether Petitioner offered any statements at all (aside from claiming good health). Dkt. 10-9, at 2. Rather than conducting an individualized determination into flight risk or danger to the community, the DHS officer applied a bright line rule that any violation of the OREC, regardless of mitigating factors, demanded Petitioner's immediate arrest without a pre- or post-deprivation hearing. The second

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND GRANTING IN-
PART INJUNCTIVE RELIEF - 5

factor therefore weighs in favor of Petitioner.

As to the third factor, the government's interests in enforcing immigration laws and securing removal of noncitizens are "interests of the highest order." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022), especially "when it comes to determining whether removable [noncitizens] must be released on bond" during removal proceedings. Those interests, however, are not hindered by providing Petitioner with an individualized bond hearing. The risk of erroneous deprivation of Petitioner's liberty interest far outweighs the cost of a hearing.

The Court accordingly finds Petitioner has a protected liberty interest in his release from custody and all of the *Mathews* factors weigh in his favor. The Court also finds that while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.-B*, 795 F. Supp. 3d at 1323-24 (citing *Domingo v. Kaiser*, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."). The Court accordingly finds Petitioner should be immediately released. *See E.A. T.-B*, 795 F. Supp. 3d at 1324.

### III.    Remedy

The Court notes that the specific circumstances of Petitioner's re-detention drive what process is due. Thus, the Court finds that if Petitioner is re-detained, Respondents shall provide Petitioner pre-detention notice and a hearing **unless** detention is statutorily mandatory (which it is not currently). *See Chicoze-Ezechi v. Noem*, 2026 WL 265733, at *2 (W.D. Wash. Feb. 2, 2026) ("Petitioner would be subject to mandatory detention if he committed certain crimes.").

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND GRANTING IN-
PART INJUNCTIVE RELIEF - 6

The Court finds that Respondents shall bear the burden to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community at any subsequent re-detention hearing. *See Pinchi v. Noem,* 792 F. Supp. 3d 1012, 1038 (N.D. Cal. July 24, 2025) (holding Petitioner may not be detained unless the government demonstrates at a bond hearing, by clear and convincing evidence, she is a flight risk or a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms.).

In the habeas petition, Petitioner also asked the Court to "[e]njoin Respondents from placing GPS ankle monitors on Petitioner upon his release, absent clear and convincing evidence that Petitioner is a flight risk or danger a danger to the community and that no other alternatives would mitigate those risks." Dkt. 1, at 11. The Court directed petitioner to submit supplemental briefing by February 13, 2026, explaining why he was entitled to this separate injunction under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Dkt. 7, at 3. Petitioner submitted no briefing. The Court therefore finds that this request for injunctive relief has been abandoned and denies such relief.

The Court **ORDERS**:

1. Respondents shall immediately release Petitioner from immigration detention **immediately** subject to the same conditions of release that governed before he was re-detained. Respondents shall file a certification within **twenty-four (24) hours** that Petitioner has been released.

2. Respondents shall provide Petitioner with written pre-detention notice and afford him a hearing **unless** detention is statutorily mandatory.

3. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND GRANTING IN-
PART INJUNCTIVE RELIEF - 7

4.  The Court will entertain a motion for attorney fees and costs. Any motion for fees and costs shall be filed by April 6, 2026, and shall be noted under Local Civil Rule 7(d)(3).

DATED this 6th day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge